This is an appeal from the Patent and Trademark Board of Appeals in an ex parte re-examination where all of the independent original claims of the patent were rejected. The patent is in two suits in Texas. Both of them are stayed pending the results of this examination. The Board of Appeals concluded that the original claims, 1, 6, and 11 of this case were anticipated by a sole reference. This all rises or falls on the appropriate interpretation of assessment instrument, right? No, it does not. Assessment instrument is one issue. We could lose assessment instrument and still win because it is our position and it is argued in our briefing that all of the rest of the terminology of claims 1, 6, and 11, basically that begins with the gauging line, is simply not met by the Sonafelt reference anywhere. There is no comparable language to that language and so we have two prongs to our argument. One is that they got it wrong in terms of assessment instrument and secondly, that the rest of the claim language is simply not met under the strict identity test of net money for what is anticipation. Do you agree that we are here to review whether the board properly gave that term, its broadest reasonable interpretation? Yes, that is one reason we are here, yes. What is unreasonable then? What is unreasonable is that they looked at it not as one skilled in the art would look at it, but they looked at the language as though you and I might as lay people. For example, assessment instrument in the medical field could easily mean a thermometer or it could mean a stethoscope, but this is the assessment services industry and people in the assessment services industry know what assessment instrument means and it is not a right wrong test like Sonafelt. You can read Sonafelt, there are 76 columns of it and it is laborious. It just seems to me that when the board construed this assessment instrument to say basically an instrument that makes assessments, why is that not the most broad reasonable interpretation? Because as Phillips AWH says and other cases it is to one of ordinary skill in the art and as Dr. Watson's testimony in his declaration says that in this business one skilled in the art understands that an assessment instrument is one in which there are forced choices that you must make, there are no yes no correct answers. Why can't it be yes no answers? Say I operate a pizza place and I want to use an online assessment test to screen my potential drivers for delivery. Can't I have an assessment of are you over 18, yes or no? Do you have a valid driver's license, yes or no? Have you been convicted of any traffic offenses, yes or no? That will assess whether they are qualified to be a driver for my pizza delivery business. No, because the yes no test just gives you information, knowledge, hard data. It does not give you any guidance information as an assessment instrument does as to the competencies of the individual. Well, the only competencies I need are somebody that has a driver's license, is over 18 and has never been convicted of traffic offenses and it certainly gives me that information. Well, it certainly can give you the information yes or no, but maybe I misspoke when I said yes or no, it might be correct answer test. And we know that Sonnefeld is only a correct answer test because, let me direct your attention to column 7. Well, isn't my hypothetical correct answer test in a sense because if you answer yes on any of those questions, or if you answer incorrectly that you're under 18 or you don't have a driver's license or you have been convicted of a traffic offense, then you're out. That's not assessment services because that tells you nothing about the competency of the individual or the job. It just tells you that he has a driver's license or he's 18 and that he might be legal. Why wouldn't it? What if you asked, have you ever been convicted of DWI? Pardon? What if the question was, have you ever been convicted of DWI, yes or no? Why wouldn't that answer, one way or the other, give me an assessment as to the competency of the individual? Because it's simply a fact-based matter. It tells you nothing about what his abilities are. If you say yes, then he's a drunk driver. And I don't want to hire a drunk driver. You're assuming that assessment tests, or it seems like you're assuming assessment tests have to relate to kind of high-level skilled occupations that require these kind of multi-factor, nuanced things. But if I'm hiring for a pretty menial job, I don't really need that. All I need is, here are the basic qualifications. Do you have them or not? And if you do, that tells me that they're suitable for my job. That is not what people in the industry would regard as an assessment instrument. So you think that people in the industry would only understand assessment instrument to be aimed at some kind of high-level, complex job that requires all these multiple factors and balancing. Not an entry-level job with very minimal qualifications that you don't really require any of that for. Well, it requires, based upon the test that you give. And an evaluation, a gauging of the person's ability to perform the job skills, or to even possibly have the job, or to perform as a job boss, as the claims require. And assessment instrument, as looked at by the board, and as looked at by the examiners, they just use the plain old ordinary English language meaning of it. Is there anything in the intrinsic evidence? I know you've referred several times to the declaration, the testimony, was it Dr. Watson? Dr. Watson, yes. Who was once a skilled lawyer. Other than that evidence that you put on, is there anything that you pointed to in the intrinsic record that would support your view that the meaning of this was limited? Well, yes, we pointed to the fact that the patented suit incorporates, by reference, an earlier patent of Dr. Bonstetter, excuse me, he's not a doctor, of Mr. Bonstetter, which is an assessment instrument, the 880 patent. And we pointed to the fact, the Hudy reference, which was cited by the examiner in the original examination of the patent. Hudy uses the term assessment instrument and talks about the same kind of instruments that we are talking about, that they don't pass or fail. In fact, he uses it in the context of trying to figure out if people will be good leaders. And that Hudy patent is completely independent, third party. I mean, we have nothing to do with it or its content. And yet he uses it in the exact same manner as is used in our patent. To me, that's compelling. And if Sonafelt really was an assessment instrument and described assessment instruments as opposed to a knowledge test, he would have said so. But he never uses those words anywhere. You will not find it in the 76 columns of Sonafelt anywhere. In fact, in his glossary, it couldn't be clearer, at column 70 in his glossary, he describes answers as the correct choices. He's talking about correct choice questions. And this art has developed that they regard those as different. In addition, your honors, to assessment instrument, the reason I say that isn't the only issue that you have before you is because claims 1, 6, and 11 all require that you are gauging the individual's performance. And gauging is defined, and the claims define the number of things that do the engaging. And as well, they define how you provide confidentiality, because confidentiality in this business is a big, important factor so that someone else can't take your test, add a nickel, and sell it. And the hierarchy of confidentiality is defined in the claims. Different levels of access for master distributors, for distributors, none of that is in Sonafelt. And my point is, the examiner said this is an anticipation that requires strict identity under net money. It must be everything that's in the claims arranged as in the claim. And it's pure guesswork to say that Sonafelt has everything that's in the claims arranged as in the claim. The words aren't even the same. The words aren't even the same. And at the board, they ask, well, if we accept your argument, what about an obviousness rejection? Well, there was no obviousness rejection. There never was an obviousness rejection made. As a matter of fact, we invited the examiner to consider obviousness. And he still didn't make an obviousness rejection. I'm unsure why, but he chose not to. And so it seems to me that we have to live by that. And if there is no obviousness rejection, then the issue of obviousness simply isn't a matter here for review by anyone. And in summary, let me say that we believe where the board went wrong and why there's no substantial evidence is they ignored the importance of Hudi. Their answer for Hudi was, well, Hudi relates to normative processing of data. The invention isn't the same. Well, we never said the invention was the same. But what we said was, Hudi is in the same arc, classified the same, uses the term assessment instrument, and uses it in the same manner as we. He said they found Dr. Watson's declaration, a 30-year person experienced in this industry, unpersuasive. Why did they say it was unpersuasive? Well, they said, you didn't tell us whether he's being paid. You didn't tell us whether he is a current consultant, although the affidavit did say that he had consulted for the business in the past. But none of that goes to the integrity of the affidavit and the integrity of a man with 30 years' experience in this business telling us what people in this business call an assessment instrument. And it's inconsistent, I submit to you, with Judge Hoyt's Markman decision down in Texas, where Judge Hoyt, now he said plain, ordinary meaning, but he added very important word. Plain, ordinary meaning, to one skilled in the art in the context of the use of the specification. And finally, it's consistent with the prosecution history. If one looks at the prosecution history, all of the patents that were cited were all assessment instrument patents. None of them were correct answer tests like some of them. The examiner understood the difference. And you're into your rebuttal time. So you want to say that? I have nothing further. Yeah. May it please the court. As you know, when looking at the claims instruction, the first thing that we look to is intrinsic evidence. When you ask the opposing counsel about the intrinsic evidence, naturally, he mentioned nothing in the specification. In fact, assessment instrument isn't even used in the specification. The one thing that he said is that a previous patent was incorporated. That patent's incorporated as an example of an assessment instrument. And in fact, the patent is drawn to, which they state as a fact, a method of distributing assessment instruments. And they say that any document can be distributed. The next thing that he responded to when you asked him is the Hootie patent. The Hootie patent is cited by the examiner. That's not extrinsic evidence. And the Hootie patent, when we look at the Hootie patent, it says an assessment instrument is something that doesn't have a pass or failing score. That could be an LSAT, a right or wrong answer test. It doesn't have a pass or failing score, but it would be excluded from their definition of assessment instrument. And lastly, he mentioned the Dr. Watson declaration. Dr. Watson was revealed as a long-term consultant. He didn't give any objective evidence to base his decision on. And he didn't establish that there was an assessment instrument art at the time, much less that the term assessment instrument has an accepted meaning that excludes pass. Well, typically, when one is testifying about that subject matter, a person's skills and how they would go through it, it is rather conclusory, right? I mean, that's the nature of the testimony. Often, though, there is fight to peer-reviewed articles or other contemporaneous evidence. I mean, he pointed to no objective evidence whatsoever. And additionally, as the board found, he testified as being a long-term consultant of target training. So I think the board properly reviewed his declaration testimony. If there's no other further questions, I'll see you the rest of my time. I just have one point, Your Honors. The solicitor keeps saying that assessment instrument does not appear in the specification of our patent anywhere. That's simply wrong. The word appeared in at least six original claims as filed. And original claims are the part of the specification. Thank you. Thank you. Thank you. Thank both counsel. The case is submitted. That concludes our proceedings for today.